1  Zachary Nightingale (California Bar #184501)
2  Van Der Hout LLP
   360 Post Street, Suite 800
3  San Francisco, CA 94108
   Telephone: (415) 981-3000
4  Fax: (415) 981-3003
   Email: ndca@vblaw.com
5
6  Counsel for Plaintiff
   Ziyang DING
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  Ziyang DING, | Case No. |
| 12        Plaintiff, | |
| 13        v. | **COMPLAINT FOR DECLARATORY, MANDAMUS, AND INJUNCTIVE RELIEF, AND REVIEW UNDER THE ADMINISTRATIVE PROCEDURE ACT AND MANDAMUS ACT** |
| 14 | |
| 15  U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY, | |
| 16 | |
| 17        Defendants. | |
| 18 | Immigration Case, Mandamus, Administrative Procedure Act Case |
| 19 | |
| 20 | |
| 21 | |

22
23
24
25
26
27
28

*Ding v. USCIS, et. al.*
COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT AND MANDAMUS
ACT

**INTRODUCTION**

1.  Plaintiff, Mr. Ziyang ("Bob") Ding, brings this action for declaratory, mandamus, and injunctive relief to compel the Defendants, the U.S. Citizenship and Immigration Services ("USCIS") and the U.S. Department of Homeland Security ("DHS"), to adjudicate his unreasonably long-pending application for employment authorization, which has now been pending for over six months. His current permission to work expires on February 8, 2026 and without the approval of the pending renewal, he will lose his ability to lawfully work and keep his current employment and possibly his visa status in the United States. Because he timely filed the renewal over six months before his current authorization expired, and because the government's own regulations extend that work eligibility for only six months, the fact that the government is now delaying its adjudication of that renewal application beyond six months, jeopardizing his status for no reason after he acted diligently and appropriately at each stage of the process, is both extraordinary and unreasonable. The fact that his eligibility for the extension of his employment authorization is based on his work and study in a STEM field that the government specifically intended to promote makes the delay unconscionable.

2.  Mr. Ding is a native and citizen of China who has resided, studied, and lawfully worked in the United States on in F-1 student visa status for many years. *Declaration of Zachary Nightingale ("ZN Decl.")*. Specifically, he has completed his undergraduate and graduate studies at Duke University and Stanford University in the U.S. *Id.* Mr. Ding was most recently granted an F-1 student visa at the U.S. Consulate in Singapore in August 2022, after which he entered the United States in F-1 status. *Id.* He completed his Master's degree in Statistics in 2024, and he subsequently began working pursuant to Optional Practical Training ("OPT") tied to his F-1 status. *Id.*

3.  Noncitizens in the United States in F-1 status who complete a degree in a STEM field are authorized to work pursuant to OPT for up to three years. In order to do so, they must first file a Form I-765, Application for Employment Authorization and receive an Employment

COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT AND MANDAMUS ACT

Authorization Document (also referred to as a "work permit") for one year of post[degree]-completion Optional Practical Training (OPT). Mr. Ding previously filed and received a post-completion OPT (optional practical training) employment authorization document for a period of one year and began working in the U.S. pursuant to OPT in approximately August 2024. *ZN Decl.*

4.   On June 14, 2025, Mr. Ding filed a 2 year STEM OPT extension application with USCIS, which includes a Form I-765, Application for Employment Authorization based on his new Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, issued by his graduate university. *Id.* at Exhibit ("Exh.") A (Copy of Receipt Notice). Prior to filing this application, he submitted the required STEM training plan (I-983) signed by Mr. Ding and his employer to his university. *Id.* He filed this application with premium processing—meaning he paid the extra fee to expedite the adjudication of the application—, *before* his previous OPT status expired on August 12, 2025. *Id.* The filing of this application provides an additional automatic 180 days of work authorization while the STEM OPT employment authorization application is pending. *Id.*

5.   On August 7, 2025, USCIS issued Mr. Ding a Request for Evidence ("RFE") in connection with his application for employment authorization requesting that he appear at a USCIS office for biometrics and provide employment history, which he timely complied with and completed. *Id.* at Exh. B (Copy of RFE).

6.   On October 3, 2025, USCIS issued Mr. Ding a Notice of Intent to Deny ("NOID") related to his application for STEM OPT employment authorization in which USCIS requested further documentation regarding his arrest in the U.S. which resulted in a plea of nolo contendere to disturbing the peace via excessive noise under California Penal Code 415(2). *ZN Decl.* Mr. Ding timely replied to this NOID on October 31, 2025, and submitted the requested documentation to USCIS regarding his arrest. *ZN Decl.*

7.   Since this time, the office of undersigned counsel and Mr. Ding have contacted the Premium Processing Unit of USCIS regarding Mr. Ding's pending application for employment authorization. *Id.* These inquiries were made on January 20, 2026 and January 27, 2026. *Id.* at

Exh. C (Copies of Inquiries to Premium Processing Unit and Case Inquiry Assignment). However, USCIS has not yet provided an update other than that the case is undergoing further review and no timeframe for completion of this review can be provided. *Id.* To date, Mr. Ding's application for employment authorization remains pending. *ZN Decl.*

8.   USCIS's more than six-month delay in adjudicating Mr. Ding's application for employment authorization is unreasonable and without justification, especially where USCIS' published processing times for applications for employment authorization (Forms I-765) based on F-1 status indicate that 80% of adjustment of status applications reach a decision within 4.5 months. *Id.* at Exh. D (USCIS Processing Times).

9.   Currently, Mr. Ding is authorized to work in the United States through February 8, 2026, pursuant to the 180-day automatic extension of his OPT status, given that he filed the extension application prior to the expiration of his OPT.[1] The outcome of his currently pending application for employment authorization will determine his ability to continue working in the U.S.

10.  Mr. Ding brings this action to compel USCIS, as part of DHS, to make a determination regarding his application for employment authorization.

## JURISDICTION

11.  The Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702 *et. seq.*, the Administrative Procedure Act ("APA").

12.  The Court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the APA, 5 U.S.C. § 500 *et seq.*

## VENUE

13.  Venue is properly before this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil

---

[1] *See* USCIS, Optional Practical Training Extension for STEM Students (STEM OPT), "Applying for a STEM OPT Extension," available at: https://www.uscis.gov/working-in-the-united-states/students-and-exchange-visitors/optional-practical-training-extension-for-stem-students-stem-opt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

action in which the Defendants are officers or employees of the United States, acting in their official capacity; Mr. Ding resides in the Northern District of California; and there is no real property involved in this action.

## INTRADISTRICT ASSIGNMENT

14. This action should be assigned to the San Jose division because Mr. Ding resides in Santa Clara County. *See* Local Rules 3-2(c), (e).

## PARTIES

**Plaintiff**

15. Mr. Ding is a native and citizen of China. He is currently in the United States in F-1 student status, and is working pursuant to OPT. He filed, and is eligible for, a STEM extension of his OPT employment authorization. However, Mr. Ding's employment authorization application has now been pending for over six months.

**Defendants**

16. Defendant **U.S. Citizenship and Immigration Services** (USCIS) is a component of the U.S. Department of Homeland Security (DHS), 6 U.S.C. § 271(a)(1), and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for adjudicating immigration benefit applications, including applications for employment authorization.

17. Defendant **U.S. Department of Homeland Security** (DHS) is an executive agency of the United States and an "agency" within the meaning of the APA. 5 U.S.C. § 551(1). DHS is responsible for implementing the Immigration and Nationality Act (INA) and the Code of Federal Regulations (CFR). DHS has authority to adjudicate such applications and delegates this authority to USCIS.

## LEGAL BACKGROUND

18. Defendants have a mandatory duty to adjudicate immigrant benefits applications within a reasonable period of time.

19. Noncitizens in the United States in F-1 status for STEM degree programs are authorized

*Ding v. USCIS et. al.*                                                                    4
COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT AND MANDAMUS ACT

to work pursuant to Optional Practical Training for up to three years. 8 C.F.R. § 274a.12(c)(3)(i). In order to do so, a noncitizen must file a Form I-765, Application for Employment Authorization in conjunction with a Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, issued by the noncitizen's most recent university, for up to 1 year of post-completion OPT. The noncitizen must be granted and receive the Employment Authorization Document (also referred to as a "work permit") in order to work. Before this Employment Authorization Document expires, a noncitizen in F-1 status who completed a degree in a STEM field may file another I-765 Employment Authorization Document application to extend their OPT work permission for another 2 years with an updated Form I-20 after submitting an I-983 STEM training plan to the same university. *See* 8 CFR 214.2(f)(10)(ii)(C).

20. Defendant USCIS is required by regulation to accept, process, and adjudicate all applications for employment authorization, including those filed by F-1 student seeking to work pursuant to OPT. *See* 8 C.F.R. §§ 274a.12(b)(b), 274a.13.

21. A work permit is proof of authorization to work for the validity period. It does not grant temporary or permanent immigration status. Work permits issued pursuant to OPT are typically issued for periods of one (post-completion OPT) and two (STEM OPT) years, for a total of 3 years for persons graduating with STEM field degrees. 8 C.F.R. § 274a.12(c)(3)(i). Certain noncitizens, like Mr. Ding, can thus submit an application to extend his OPT by 2 years by filing a Form I-765 in conjunction with a newly issued Form I-20 during the time that the original work permit is still valid because he graduated with a STEM degree (Statistics). *See id.* Prior to this STEM OPT filing, a STEM training plan (I-983) signed by a U.S. employer and the F-1 student must be filed with their sponsoring university. *See id.* and 8 CFR 214.2(f)(10)(ii)(C).

22. When a noncitizen in F-1 status timely files an I-765 to extend their OPT by 2 years because they completed a STEM degree program, their OPT employment authorization is automatically extended for up to but not exceeding 180 days while the I-765 pends. *See* 8 C.F.R. § 274a.12(b)(6)(iv). This implies that the STEM OPT extension should be adjudicated within

those 180 days.

23. Noncitizens may be ineligible to extend their OPT work authorization where they fail to maintain their underlying F-1 status. DHS regulations distinguish between two separate ways a student may fail to maintain status: (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

24. The first category, failure to maintain status, involves circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa requirements—for example, by failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)–(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitutes a failure to maintain status."

25. With the respect to the crime of violence category, 8 C.F.R. § 214.1(g) sets forth that a nonimmigrant's conviction "for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status . . . ." Arrests that do not result in any conviction, and minor infractions or misdemeanor offenses, do not meet this regulatory threshold for termination based on criminal history. The Supreme Court of the United States has held that a crime of violence "means 'an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *See, e.g.*, *Borden v. United States*, 593 U.S. 420, 427 (2021).

26. The second category, termination of status by ICE, can occur only under the limited circumstances set forth in 8 C.F.R. § 214.1(d), which only permits ICE to terminate status when: (1) a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3)

ICE publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. ICE cannot otherwise unilaterally terminate nonimmigrant status.[2]

27. None of these potential causes of ineligibility apply to Mr. Ding's case.

28. It is "the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

### FACTUAL ALLEGATIONS

29. Mr. Ding brings this action for declaratory, mandamus, and injunctive relief to compel the Defendants USCIS, as part of DHS, to adjudicate his long-pending application for employment authorization, which has now been pending for over six months.

30. Mr. Ding is a native and citizen of China who has resided in the United States on in F-1 student visa status for many years. *ZN Decl.* Specifically, Mr. Ding has completed his undergraduate and graduate studies in the U.S. *Id.*

31. Mr. Ding was most recently granted an F-1 student visa at the U.S. Consulate in Singapore in 2022, after which he entered the United States in F-1 status. *Id.* He completed his Master's degree in 2024, and subsequently began working pursuant to OPT tied to his F-1 status. *Id.*

32. Noncitizens in the United States in F-1 status are authorized to work pursuant to OPT for up to three years. In order to do so, they must file a Form I-765, Application for Employment Authorization and receive an Employment Authorization Document (also referred to as a "work permit").

33. Mr. Ding previously filed this application, received his work permit, and has been working in the United States pursuant to OPT since approximately August 2024..

34. On June 14, 2025, Mr. Ding filed an OPT extension application with USCIS, which

---

[2] *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019).

includes a Form I-765, Application for Employment Authorization based on his new Form I-20, Certificate of Eligibility for Nonimmigrant Student Status, issued by his graduate university. *Id.* at Exhibit A. He filed this application with premium processing—meaning he paid the extra fee to expedite the adjudication of the application—, *before* his previous OPT status expired on August 12, 2025. *ZN Decl.*

35. On August 7, 2025, USCIS issued Mr. Ding an RFE in connection with his application for employment authorization requesting that he appear at a USCIS office for biometrics and provide employment history, which he complied with and completed. *Id.* at Exh. B (Copy of RFE).

36. On October 3, 2025, USCIS issued Mr. Ding a Notice of Intent to Deny ("NOID") his application for STEM OPT employment authorization in which USCIS requested further documentation regarding his arrest in the U.S. that resulted in a plea of nolo contendere to disturbing the peace via excessive noise under California Penal Code 415(2). *ZN Decl.* Mr. Ding timely replied to this NOID on October 31, 2025 with the requested documentation. *Id.*

37. Since this time, the office of undersigned counsel and Mr. Ding have contacted the Premium Processing Unit of USCIS regarding Mr. Ding's pending application for employment authorization. *Id.* These inquiries were made on January 20, 2026 and January 27, 2026. *Id.* at Exh. C (Copies of Inquiries to Premium Processing Unit and Assignment of Case Inquiry Number). However, USCIS has not yet provided an update other than that the case is undergoing further review and no timeframe for completion of this review can be provided. *Id.* However, to date, Mr. Ding's application for employment authorization remains pending. *ZN Decl.*

38. Currently, Mr. Ding is authorized to work in the United States through February 8, 2026, pursuant to the 180-day automatic extension of his OPT status, given that he filed the extension application prior to the expiration of his OPT.[3] The outcome of his currently pending application for employment authorization will determine his ability to continue working in the United States.

___

[3] *Supra* n.1.

39. USCIS's more than six-month delay in adjudicating Mr. Ding's application for employment authorization is unreasonable and without justification, especially where the extension provided by law is only six months, and USCIS' published processing times for applications for employment authorization (Forms I-765) based on F-1 status indicate that 80% of adjustment of status applications reach a decision within 4.5 months. *Id.* at Exh. D (USCIS Processing Times).

## **CLAIMS FOR RELIEF**

### **Count One**
**Defendants Have Unlawfully and Unreasonably Failed to Adjudicate Mr. Ding's EAD Application in a Timely Manner**
**(The Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706)**

40. Mr. Ding re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations in the preceding paragraphs.

41. Defendants have a clear and non-discretionary duty to adjudicate immigrant benefits applications. 8 U.S.C. § 1571(b) ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application….").

42. The APA, 5 U.S.C. § 555(b), requires administrative agencies to act upon matters presented to them within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

43. The APA further provides that federal courts "*shall*...compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1) (emphasis added); *see also Forest Guardians v. Babbitt*, 164 F.3d 1261, 1269 (10th Cir. 1998) ("Through § 706 Congress has stated unequivocally that courts must compel agency action unlawfully withheld or unreasonably delated.").

44. Defendants violated the APA by failing to adjudicate Mr. Ding's application for

employment authorization within a reasonable time. His application has been unreasonably pending for over six months since it was filed.

45. As such, Defendants have not acted "within a reasonable time" and have "unlawfully withheld" agency action in violation of the APA. 5 U.S.C. § 555(b); 5 U.S.C. § 706(1). This delay is therefore "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(2)(A).

46. Mr. Ding has exhausted his administrative remedies. No alternative remedy exists to compel action by Defendants.

## Count Two
### Defendants Have Unlawfully Failed to Adjudicate Plaintiff's Employment Authorization under 8 C.F.R. § 274a.12(c)(3)
### (The Mandamus Act, 28 U.S.C. § 1361)

47. Mr. Ding re-alleges and incorporates herein by reference, as if fully set forth herein, the allegations in the preceding paragraphs.

48. Defendants have a clear and non-discretionary duty to adjudicate immigrant benefits applications. 8 U.S.C. § 1571(b) ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application….").

49. USCIS has unreasonably failed to adjudicate Mr. Ding's application for employment authorization in the over six months since his application was filed.

50. Plaintiff has exhausted his administrative remedies. No alternative remedy exists to compel action by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

    (1) Assume jurisdiction over this action;

    (2) Issue a writ of mandamus ordering Defendants to adjudicate Plaintiff Mr. Ding's application for employment authorization;

(3) Declare that Defendants' failure to adjudicate Plaintiff Mr. Ding's application for employment authorization violates 5 U.S.C. § 555(b) and 5 U.S.C. § 706;

(4) Order Defendants to adjudicate Mr. Ding's employment authorization application under 5 U.S.C. § 706(1);

(5) Award reasonable costs and attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable law; and

(6) Grant such further relief as the Court deems just and proper.

Dated: January 30, 2026                    Respectfully submitted,


                                           /s/ Zachary Nightingale
                                           Zachary Nightingale

                                           Attorney for Plaintiff

*Ding v. USCIS et. al.*                                                     11
COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT AND MANDAMUS ACT

**<u>VERIFICATION</u>**

I, Zachary Nightingale, hereby declare under penalty of perjury of the laws of the State of California and the United States that the facts alleged in the foregoing Complaint for Declaratory, Mandamus, and Injunctive Relief Under the Administrative Procedure Act and Mandamus Act are to the best of my knowledge true and correct.

Executed on this 30th day of January 2026, in San Francisco, California.

By: <u>/s/Zachary Nightingale</u>
Zachary Nightingale
Attorney for Plaintiff